FILED
SEP - 7 2007
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

CONLON, FRANTZ, PHELAN, )
And VARMA, LLP )
1818 N St. N.W. Suite 400 )
Washington, D.C. 20036 )
                            )
            Plaintiff       )   Case: 1:07-cv-01595
      v.                    )   Assigned To : Kennedy, Henry H.
                            )   Assign. Date : 9/7/2007
                            )   Description: Contract
                            )
ROBERT T. JOHNSON           )
5918 Colfax Avenue          )
Alexandria, VA 22311        )
                            )
            Defendant       )

## NOTICE OF REMOVAL

Defendant Robert T. Johnson, by and through his attorney, Daniel M. Gray, Esq., hereby seeks to remove this suit filed against him in District of Columbia Superior Court to this court, pursuant to 28 U.S.C. section 1446 and Federal Rule of Civil Procedure 11, and avers the following:

1. Plaintiffs are a limited liability partnership organized under the laws of the District of Columbia, whose principal place of business is in the District of Columbia, as Plaintiffs stated in their Complaint, paragraph 2.

2. Defendant is a resident of the Commonwealth of Virginia, as stated in the Complaint.

1

3.   Plaintiffs served the attached Complaint, *Conlon, Frantz et al. v. Robert T. Johnson, Civil Action 0005350-07, Superior Court of District of Columbia,* upon the Defendant, on August 9, 2007, at his residence in Virginia. On August 2007, Plaintiffs agreed to give Defendant an extension to answer the complaint until September 10, 2007.

4.   Plaintiffs are seeking from Defendant an "amount in controversy" in excess of the sum or value of $75,000, as stated in the damage allegations contained in the two counts of their Complaint filed in the District of Columbia Superior Court.

5.   Pursuant to 28 U.S.C. sections 1332 1441, and 1446, Defendant may remove the Complaint filed in the District of Columbia Superior Court to this Court, which is the "state" where the Complaint is "pending", because Defendant is not a resident of the "state where Plaintiffs brought their complaint 28 U.S.C. section 1441(b). Based on the allegations in the Complaint, the amount in controversy is clearly in excess of $75,000.00.

6.   This pleading serves as Notice of Defendant's removal of the stated action to this Court within five business days of the agreed upon Answer date of September 10, 2007. Notice will be served upon the Clerk of the District of

Columbia Superior Court and all adverse parties pursuant to 28 U.S.C. section 1446 (d).

>Respectfully submitted,
>
>_____
>Daniel M. Gray, Esq.
>Member, Bar U.S. District
>Court for District of Columbia
>7617 Virginia Avenue
>Falls Church, VA 22043
>Tel. (703) 204-0164
>Fax  (703) 204-1449
>
>Counsel for Defendant

**CERTIFICATE OF SERVICE**

Daniel M. Gray hereby certifies that a true and correct copy of the above Notice of Removal pleading was served by First Class Mail on September *10* 2007, to the parties named below:

>Mr. Edward Jenkins
>Civil Action Branch
>Moultrie Courthouse
>500 Indiana Avenue, N.W.
>Washington, D.C. 20001
>
>
>Michael Conlon, Esq.
>Conlon, Frantz, Phelan and Varma, LLP
>1818 N Street, N.W. Suite 400
>Washington, D.C. 20036

By: _____

# CIVIL COVER SHEET

JS-44
(Rev.1/05 DC)

| I (a) PLAINTIFFS | DEFENDANTS |
|---|---|
| CONLON, FRANTZ, PHELAN, & VARMA, LLP | ROBERT T. JOHNSON |
| (b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF ~~District of Columbia~~ 11001 (EXCEPT IN U.S. PLAINTIFF CASES) 11001 | COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT FAIRFAX COUNTY, VIRGINIA (IN U.S. PLAINTIFF CASES ONLY) |
| (c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER) CONLON, FRANTZ, PHELAN & VARMA LLP 1818 N ST, N.W. STE. 400 WASHINGTON, D.C. 20036 (202) 331-7050 | Case: 1:07-cv-01595 Assigned To : Kennedy, Henry H. Assign. Date : 9/7/2007 Description: Contract |

## II. BASIS OF JURISDICTION
(PLACE AN x IN ONE BOX ONLY)

☐ 1 U.S. Government Plaintiff
☐ 3 Federal Question (U.S. Government Not a Party)
☐ 2 U.S. Government Defendant
☒ 4 Diversity (Indicate Citizenship of Parties in item III)

## III CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN x IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) FOR DIVERSITY CASES ONLY!

|  | PTF | DFT |  | PTF | DFT |
|---|---|---|---|---|---|
| Citizen of this State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in This State | ☒ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☒ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. CASE ASSIGNMENT AND NATURE OF SUIT
(Place a X in one category, A-N, that best represents your cause of action and **one** in a corresponding Nature of Suit)

| ☐ A. *Antitrust* | ☐ B. *Personal Injury/ Malpractice* | ☐ C. *Administrative Agency Review* | ☐ D. *Temporary Restraining Order/Preliminary Injunction* |
|---|---|---|---|
| ☐ 410 Antitrust | ☐ 310 Airplane<br>☐ 315 Airplane Product Liability<br>☐ 320 Assault, Libel & Slander<br>☐ 330 Federal Employers Liability<br>☐ 340 Marine<br>☐ 345 Marine Product Liability<br>☐ 350 Motor Vehicle<br>☐ 355 Motor Vehicle Product Liability<br>☐ 360 Other Personal Injury<br>☐ 362 Medical Malpractice<br>☐ 365 Product Liability<br>☐ 368 Asbestos Product Liability | ☐ 151 Medicare Act<br><br>**Social Security:**<br>☐ 861 HIA ((1395ff)<br>☐ 862 Black Lung (923)<br>☐ 863 DIWC/DIWW (405(g)<br>☐ 864 SSID Title XVI<br>☐ 865 RSI (405(g)<br><br>**Other Statutes**<br>☐ 891 Agricultural Acts<br>☐ 892 Economic Stabilization Act<br>☐ 893 Environmental Matters<br>☐ 894 Energy Allocation Act<br>☐ 890 Other Statutory Actions (If Administrative Agency is Involved) | Any nature of suit from any category may be selected for this category of case assignment.<br><br>*(If Antitrust, then A governs)* |

☒ E. *General Civil (Other)* OR ☐ F. *Pro Se General Civil*

| **Real Property**<br>☐ 210 Land Condemnation<br>☐ 220 Foreclosure<br>☐ 230 Rent, Lease & Ejectment<br>☐ 240 Torts to Land<br>☐ 245 Tort Product Liability<br>☐ 290 All Other Real Property<br><br>**Personal Property**<br>☐ 370 Other Fraud<br>☐ 371 Truth in Lending<br>☐ 380 Other Personal Property Damage<br>☐ 385 Property Damage Product Liability | **Bankruptcy**<br>☐ 422 Appeal 28 USC 158<br>☐ 423 Withdrawal 28 USC 157<br><br>**Prisoner Petitions**<br>☐ 535 Death Penalty<br>☐ 540 Mandamus & Other<br>☐ 550 Civil Rights<br>☐ 555 Prison Condition<br><br>**Property Rights**<br>☐ 820 Copyrights<br>☐ 830 Patent<br>☐ 840 Trademark<br><br>**Federal Tax Suits**<br>☐ 870 Taxes (US plaintiff or defendant<br>☐ 871 IRS-Third Party 26 USC 7609 | **Forfeiture/Penalty**<br>☐ 610 Agriculture<br>☐ 620 Other Food &Drug<br>☐ 625 Drug Related Seizure of Property 21 USC 881<br>☐ 630 Liquor Laws<br>☐ 640 RR & Truck<br>☐ 650 Airline Regs<br>☐ 660 Occupational Safety/Health<br>☐ 690 Other<br><br>**Other Statutes**<br>☐ 400 State Reapportionment<br>☐ 430 Banks & Banking<br>☐ 450 Commerce/ICC Rates/etc.<br>☐ 460 Deportation | ☐ 470 Racketeer Influenced & Corrupt Organizations<br>☐ 480 Consumer Credit<br>☐ 490 Cable/Satellite TV<br>☐ 810 Selective Service<br>☐ 850 Securities/Commodities/ Exchange<br>☐ 875 Customer Challenge 12 USC 3410<br>☐ 900 Appeal of fee determination under equal access to Justice<br>☐ 950 Constitutionality of State Statutes<br>☐ 890 Other Statutory Actions (if not administrative agency review or Privacy Act<br><br>**No Summons Issued** |

| ☐ G. *Habeas Corpus/ 2255*<br>☐ 530 Habeas Corpus-General<br>☐ 510 Motion/Vacate Sentence | ☐ H. *Employment Discrimination*<br>☐ 442 Civil Rights-Employment (criteria: race, gender/sex, national origin, discrimination, disability age, religion, retaliation)<br><br>*(If pro se, select this deck)* | ☐ I. *FOIA/PRIVACY ACT*<br>☐ 895 Freedom of Information Act<br>☐ 890 Other Statutory Actions (if Privacy Act)<br><br><br>*(If pro se, select this deck)* | ☐ J. *Student Loan*<br>☐ 152 Recovery of Defaulted Student Loans (excluding veterans) |
|---|---|---|---|
| ☐ K. *Labor/ERISA (non-employment)*<br>☐ 710 Fair Labor Standards Act<br>☐ 720 Labor/Mgmt. Relations<br>☐ 730 Labor/Mgmt. Reporting & Disclosure Act<br>☐ 740 Labor Railway Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Empl. Ret. Inc. Security Act | ☐ L. *Other Civil Rights (non-employment)*<br>☐ 441 Voting (if not Voting Rights Act)<br>☐ 443 Housing/Accommodations<br>☐ 444 Welfare<br>☐ 440 Other Civil Rights<br>☐ 445 American w/Disabilities-Employment<br>☐ 446 Americans w/Disabilities-Other | ☒ M. *Contract*<br>☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment & Enforcement of Judgment<br>☐ 153 Recovery of Overpayment of Veteran's Benefits<br>☐ 160 Stockholder's Suits<br>☒ 190 Other Contracts<br>☐ 195 Contract Product Liability<br>☐ 196 Franchise | ☐ N. *Three-Judge Court*<br>☐ 441 Civil Rights-Voting (if Voting Rights Act) |

**V. ORIGIN**

☐ 1 Original Proceeding    ☒ 2 Removed from State Court    ☐ 3 Remanded from Appellate Court    ☐ 4 Reinstated or Reopened    ☐ 5 Transferred from another district (specify)    ☐ Multi district Litigation    ☐ 7 Appeal to District Judge from Mag. Judge

**VI. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.)

REMOVAL PURSUANT TO 28 U.S.C. SECTION 1441(b) + SECTION 1332

**VII. REQUESTED IN COMPLAINT**    CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23 ☐    **DEMAND $**    Check YES only if demanded in complaint    JURY DEMAND: ☐ YES ☒ NO

**VIII. RELATED CASE(S) IF ANY**    (See instruction)    ☐ YES ☒ NO    If yes, please complete related case form.

DATE 9/6/07    SIGNATURE OF ATTORNEY OF RECORD    [signature]

**INSTRUCTIONS FOR COMPLETING CIVIL COVER SHEET JS-44**
Authority for Civil Cover Sheet

The **JS-44** civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. Listed below are tips for completing the civil cover sheet. These tips coincide with the Roman Numerals on the Cover Sheet.

I.   COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF/DEFENDANT (b) County of residence: Use 11001 to indicate plaintiff is resident of Washington, D.C.; 88888 if plaintiff is resident of the United States but not of Washington, D.C., and 99999 if plaintiff is outside the United States.

III.  CITIZENSHIP OF PRINCIPAL PARTIES: This section is completed <u>only</u> if diversity of citizenship was selected as the Basis of Jurisdiction under Section II.

IV.  CASE ASSIGNMENT AND NATURE OF SUIT: The assignment of a judge to your case will depend on the category you select that best represents the <u>primary</u> cause of action found in your complaint. You may select only <u>one</u> category. You <u>must</u> also select <u>one</u> corresponding nature of suit found under the category of case.

VI.  CAUSE OF ACTION: Cite the US Civil Statute under which you are filing and write a brief statement of the primary cause.

VIII. RELATED CASES, IF ANY: If you indicated that there is a related case, you must complete a related case form, which may be obtained from the Clerk's Office.

Because of the need for accurate and complete information, you should ensure the accuracy of the information provided prior to signing the form.



**SUPERIOR COURT OF THE DISTRICT OF COLUMBIA**
**CIVIL DIVISION**

CONLON, FRANTZ, PHELAN & VARMA, LLP
Vs.
ROBERT T JOHNSON

C.A. No.   2007 CA 005360 B

## INITIAL ORDER AND ADDENDUM

Pursuant to D.C. Code § 11-906 and District of Columbia Superior Court Rule of Civil Procedure ("SCR Civ") 40-I, it is hereby **ORDERED** as follows:

(1) Effective this date, this case has assigned to the individual calendar designated below. All future filings in this case shall bear the calendar number and the judge's name beneath the case number in the caption. On filing any motion or paper related thereto, one copy (for the judge) must be delivered to the Clerk along with the original.

(2) Within 60 days of the filing of the complaint, plaintiff must file proof of serving on each defendant: copies of the Summons, the Complaint, and this Initial Order. As to any defendant for whom such proof of service has not been filed, the Complaint will be dismissed without prejudice for want of prosecution unless the time for serving the defendant has been extended as provided in SCR Civ 4(m).

(3) Within 20 days of service as described above, except as otherwise noted in SCR Civ 12, each defendant must respond to the Complaint by filing an Answer or other responsive pleading. As to the defendant who has failed to respond, a default and judgment will be entered unless the time to respond has been extended as provided in SCR Civ 55(a).

(4) At the time and place noted below, all counsel and unrepresented parties shall appear before the assigned judge at an Initial Scheduling and Settlement Conference to discuss the possibilities of settlement and to establish a schedule for the completion of all proceedings, including, normally, either mediation, case evaluation, or arbitration. Counsel shall discuss with their clients **prior** to the conference whether the clients are agreeable to binding or non-binding arbitration. This order is the only notice that parties and counsel will receive concerning this Conference.

(5) Upon advice that the date noted below is inconvenient for any party or counsel, the Quality Review Branch (202) 879-1750 may continue the Conference **once**, with the consent of all parties, to either of the two succeeding Fridays. Request must be made not less than six business days before the scheduling conference date. No other continuance of the conference will be granted except upon motion for good cause shown.

Chief Judge Rufus G. King, III

Case Assigned to: Judge LYNN LEIBOVITZ
Date:  August 2, 2007
Initial Conference: 9:30 am, Friday, November 02, 2007
Location:  Courtroom 312
       500 Indiana Avenue N.W.
       WASHINGTON, DC 20001

07 1595

**FILED**

SEP - 7 2007

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT
Caio.doc

08/10/2007  11:37   7035783980                    TED JOHNSM                          PAGE  03/15

## ADDENDUM TO INITIAL ORDER AFFECTING
## ALL MEDICAL MALPRACTICE CASES

In accordance with the Medical Malpractice Proceedings Act of 2006, D.C. Code § 16-2801, et seq. (2007 Winter Supp.), "[a]fter an action is filed in the court against a healthcare provider alleging medical malpractice, the court shall require the parties to enter into mediation, without discovery or, if all parties agree[,] with only limited discovery that will not interfere with the completion of mediation within 30 days of the Initial Scheduling and Settlement Conference ("ISSC"), prior to any further litigation in an effort to reach a settlement agreement. The early mediation schedule shall be included in the Scheduling Order following the ISSC. Unless all parties agree, the stay of discovery shall not be more than 30 days after the ISSC." D.C. Code § 16-2821.

To ensure compliance with this legislation, on or before the date of the ISSC, the Court will notify all attorneys and *pro se* parties of the date and time of the early mediation session and the name of the assigned mediator. Information about the early mediation date also is available over the internet at https://www.dccourts.gov/pa/. To facilitate this process, all counsel and *pro se* parties in every medical malpractice case are required to confer, jointly complete and sign an EARLY MEDIATION FORM, which must be filed no later than ten (10) calendar days prior to the ISSC. Two separate Early Mediation Forms are available. Both forms may be obtained at www.dccourts.gov/medmalmediation. One form is to be used for early mediation with a mediator from the multi-door medical malpractice mediator roster; the second form is to be used for early mediation with a private mediator. Both forms also are available in the Multi-Door Dispute Resolution Office, Suite 105, 515 5th Street, N.W. (enter at Police Memorial Plaza entrance). Plaintiff's counsel is responsible for eFiling the form and is required to e-mail a courtesy copy to earlymedmal@dcsc.gov. *Pro se* Plaintiffs who elect not to eFile may file by hand in the Multi-Door Dispute Resolution Office.

A roster of medical malpractice mediators available through the Court's Multi-Door Dispute Resolution Division, with biographical information about each mediator, can be found at www.dccourts.gov/medmalmediation/mediatorprofiles. All individuals on the roster are judges or lawyers with at least 10 years of significant experience in medical malpractice litigation. D.C. Code § 16-2823(a). If the parties cannot agree on a mediator, the Court will appoint one. D.C. Code § 16-2823(b).

The following persons are required by statute to attend personally the Early Mediation Conference: (1) all parties; (2) for parties that are not individuals, a representative with settlement authority; (3) in cases involving an insurance company, a representative of the company with settlement authority; and (4) attorneys representing each party with primary responsibility for the case. D.C. Code § 16-2824.

No later than ten (10) days after the early mediation session has terminated, Plaintiff must eFile with the Court a report prepared by the mediator, including a private mediator, regarding: (1) attendance; (2) whether a settlement was reached; or, (3) if a settlement was not reached, any agreements to narrow the scope of the dispute, limit discovery, facilitate future settlement, hold another mediation session, or otherwise reduce the cost and time of trial preparation. D.C. Code § 16-2826. Any Plaintiff who is *pro se* may elect to file the report by hand with the Civil Clerk's Office. The forms to be used for early mediation reports are available at www.dccourts.gov/medmalmediation.

Chief Judge Rufus G. King, III

Cain.doc

08/10/2007  11:37   7035783980                    TED JOHNSM                           PAGE  04/15

CA Form 1

# Superior Court of the District of Columbia

### CIVIL DIVISION
500 Indiana Avenue, N.W., Room JM-170
Washington, D.C. 20001  Telephone: 879-1133

Conlon, Frantz, Phelan & Varma, LLP
1818 N Street, NW, Suite 400
Washington, DC 20036
                        *Plaintiff*

vs.

Robert T. Johnson
5918 Colfax Avenue
Alexandria, VA 22311    *Defendant*

Civil Action No. 0005360-07

## SUMMONS

To the above named Defendant:

    You are hereby summoned and required to serve an Answer to the attached Complaint, either personally or through an attorney, within twenty (20) days after service of this summons upon you, exclusive of the day of service. If you are being sued as an officer or agency of the United States Government or the District of Columbia Government, you have 60 days after service of this summons to serve your Answer. A copy of the Answer must be mailed to the attorney for the party plaintiff who is suing you. The attorney's name and address appear below. If plaintiff has no attorney, a copy of the Answer must be mailed to the plaintiff at the address stated on this Summons.

    You are also required to file the original Answer with the Court in Room JM 170 at 500 Indiana Avenue, N.W. between 9:00 a.m. and 4:00 p.m., Mondays through Fridays or between 9:00 a.m. and 12:00 Noon on Saturdays. You may file the original Answer with the Court either before you serve a copy of the Answer on the plaintiff or within five (5) days after you have served the plaintiff. If you fail to file an Answer, judgment by default may be entered against you for the relief demanded in the complaint.

                                                            *Clerk of the Court*

None
**Name of Plaintiff's Attorney**

1818 N Street, NW, Suite 400
**Address**
Washington, DC 20036

(202) 331-7050
**Telephone**

By _____
                    *Deputy Clerk*

Date _____

PUEDE OBTENERSE COPIAS DE ESTE FORMULARIO EN ESPAÑOL EN EL TRIBUNAL SUPERIOR DEL DISTRITO DE COLUMBIA, 500 INDIANA AVENUE, N.W., SALA JM 170

YOU MAY OBTAIN A COPY OF THIS FORM IN SPANISH AT THE SUPERIOR COURT OF D.C., 500 INDIANA AVENUE, N.W., ROOM JM 170

Form CV(6)-496/Dec. 91
2-0085-1 wd 375          NOTE: SEE IMPORTANT INFORMATION ON BACK OF THIS FORM.

08/10/2007  11:37    7035783980                TED JOHNSM                              PAGE  05/15

## IN THE SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
## CIVIL DIVISION

CONLON, FRANTZ, PHELAN & VARMA, LLP
1818 N Street, NW, Suite 400
Washington, DC 20036

Plaintiff

v.

ROBERT T. JOHNSON
5918 Colfax Avenue
Alexandria, VA 22311

Defendant

RECEIVED
Civil Clerk's Office
AUG  2 2007
Superior Court of the
District of Columbia
Washington, D.C.

Civil Action No. 0005350-07

## COMPLAINT
(For Breach of Contract and Damages)

The Plaintiff, Conlon, Frantz, Phelan & Varma, LLP for its Complaint against the Defendant, Robert T. Johnson, states as follows:

1. Jurisdiction of this Court is based upon D.C. Code Sections 11-921 and 13-423 (2006).

2. The Plaintiff, Conlon, Frantz, Phelan & Varma, LLP (hereinafter "Conlon Frantz") is a District of Columbia limited liability partnership with its principal place of business in the District of Columbia.

3. The Defendant, Robert T. Johnson (hereinafter "Johnson") is an individual and a resident of the Commonwealth of Virginia.

08/10/2007  11:37    7035783980                    TED JOHNSM                              PAGE  06/15

4. Defendant Johnson contacted Michael J. Conlon ("Conlon"), currently a partner at Conlon Frantz, and Michael McAllister ("McAllister"), currently of counsel to Conlon Frantz, in early May of 2006 about representing him with respect to certain claims arising out of his employment by Aon Group, Inc and its subsidiaries ("Aon") at Aon's office in Washington, DC. After discussing these claims with Defendant, Conlon and McAllister believed that Defendant had potential claims for breach of his employment agreement and age discrimination and told him that they would be willing to represent him with respect to those claims.

5. Defendant wanted Conlon and McAllister to take his case on a pure contingent fee basis and did not want to pay them to bill him for the time they spent on the case. They were unwilling to take the case on a pure contingent fee basis. However, an agreement was reached under which they would bill Defendant $145 per hour for the time Conlon spent on the case and nothing for the time McAllister spent on the case in consideration of also receiving forty-five percent (45%) of any amounts recovered by Defendant from Aon.

6. On May 17, 2006, Defendant signed a Retainer Agreement (the "Retainer Agreement") with Conlon, Frantz, Phelan & Pires, LLP, a District of Columbia limited liability partnership, (the "Predecessor Firm") which included the aforesaid terms. A copy of the Agreement is attached hereto as Exhibit A and incorporated herein by reference.

7. At the time the Retainer Agreement was executed, Conlon was a partner with and McAllister was of counsel to the Predecessor Firm; however, they were aware that shortly the Predecessor Firm would discontinue its operations and that Conlon and most of the other partners of the Predecessor Firm would form Conlon Frantz as a new firm. For that reason in Paragraph 7 of the Retainer Agreement, Defendant agreed that when a new firm was formed that

2

the Retainer Agreement would be assigned to the new firm and that the new firm would assume all of the Predecessor Firm's obligations under the Retainer Agreement.

8.  The Predecessor Firm ceased active operations on June 30, 2006 and on July 27, 2006, the Predecessor Firm assigned the Retainer Agreement and all of its rights thereunder to Conlon Frantz.

9.  Both Conlon and McAllister spent considerable time during 2006 and 2007 reviewing the extensive number of documents provided by Defendant; researching the legal issues involved; meeting on numerous occasions with Defendant at the Conlon Frantz office in Washington to discuss the facts and to formulate strategy; discussing the legal and practical problems of the case, and preparing and sending communications to Aon regarding Defendant's claims against it.

10.  On its face, Defendant's employment agreement with Aon (the "Employment Agreement") expired on December 31, 2006. However, among the claims that Conlon Frantz was pursuing was that Defendant's contract should be continued beyond December 31, 2006 in order to allow Defendant to qualify for certain pension and other benefits and that the discontinuation of Defendant's employment was based on age discrimination and not on his performance. As part of his representation of Defendant, Conlon wrote two letters to Aon arguing that Defendant's employment should be continued beyond December 31, 2006.

11.  Following delivery of Conlon's letters, Aon did continue Defendant's employment beyond December 31, 2006 for a six month period ending June 30, 2007. Upon information and belief, Defendant was paid $23,083.00 per month for those six months for a total of $138,498.00.

3

12. The Employment Agreement also called for Defendant to be paid a bonus in 2007 for his work in 2006. Defendant had been told that he would not be eligible for nor paid any such bonus. In his letters to Aon, Conlon also argued that Defendant was entitled to a bonus for 2006. In February of 2007 Defendant was paid a bonus of $28,000.00

## COUNT ONE

13. The allegations of paragraphs 1 through 12 are realleged and incorporated herein by reference.

14. The efforts of Conlon Frantz, Conlon, and McAllister, including but not limited to the letters written to Aon on Defendant's behalf, were directly responsible for the continuation of Defendant's employment beyond December 31, 2006 and for the payment of the $28,000 bonus to him.

15. Pursuant to the Retainer Agreement, Defendant is obligated to pay Conlon Frantz forty-five percent (45%) of the salary he received after December 31, 2006, i.e., $62,324.10.

16. Pursuant to the Retainer Agreement, Defendant is obligated to pay Conlon Frantz forty-five percent (45%) of the bonus he received for 2006. ie, $12,600.00.

17. Defendant has previously paid Conlon Frantz the sum of $5,618.75 for fees pursuant to the terms of the Retainer Agreement and is entitled to a credit for that amount against the aforesaid fees. After crediting these fees, Conlon Frantz is owed a total of $69,305.35 by Defendant under the terms of the Retainer Agreement

18. Conlon Frantz made a demand upon Defendant for payment of the above fees but Defendant has refused to pay them. As a result Defendant is in breach of the Retainer Agreement and Conlon Frantz is entitled to damages in the amount of $69,305.35.

4

WHEREFORE, the Plaintiff, Conlon Frantz Phelan & Varma, LLP, demands judgment against the Defendant, Robert T. Johnson, in the amount of $69,305.35 plus interest and costs and for such other and further relief as this court may deed just and proper.

### COUNT II

19. The allegations of Paragraphs 1 through 12 of this Complaint are realleged and incorporated herein by reference.

20. By letter dated May 23, 2007, Defendant unilaterally terminated the Retainer Agreement. A copy of this letter is attached hereto and incorporated herein as Exhibit B. This unilateral termination was a breach of the Retainer Agreement.

21. The Predecessor Firm and Conlon Frantz agreed to provide services to Defendant on a reduced hourly basis in consideration of receiving the 45% contingent fee to which Defendant agreed. They undertook Defendant's representation in reliance upon Defendant's agreement that they could pursue the employment and discrimination claims on his behalf and thereby obtain funds from Aon for him from which they could be paid a fee.

22. Defendant's premature termination of the Retainer Agreement prevented Conlon Frantz, Conlon and McAllister from pursuing any further claims against Aon and thereby earning the fees it expected to obtain under the Retainer Agreement in 2006.

23. Conlon spent forty-nine (49) hours during 2006 and twelve (12) hours during 2007 on Defendant's case. During 2006 Conlon's hourly rate for this type of work was $300.00 per hour and during 2007 his rate for this type of work was $315.00 per hour.

24. Had Conlon billed Defendant at his normal hourly rates, Defendant would have paid Conlon Frantz a total of $18,480.00 for Conlon's time.

25. Conlon Frantz was paid a total of $5618.75 by Defendant for all of Conlon's time during 2006 and 2007.

26. McAllister spent ninety-six and one-quarter (96.25) hours during 2006 and 2007 on Defendant's case. During both 2006 and 2007 McAllister's hourly rate was $365.00 per hour.

27. Had McAllister billed Defendant for his time, Defendant would have paid Conlon Frantz a total of $35,131.25 for McAllister's time.

28. Defendant paid Conlon Frantz nothing for McAllister's time.

29. By breaching the Retainer Agreement, Defendant has damaged Conlon Frantz in an amount equal to the amount Conlon Frantz would have been paid by Defendant had it not agreed to accept part of its fee on a contingent basis and billed Defendant on a straight hourly basis, ie, $53,611.25 and the amount which it did receive, ie, $5,618.75.

WHEREFORE, the Plaintiff, Conlon Frantz Phelan & Varma, LLP, demands judgment against the Defendant, Robert T. Johnson, in the amount of $47,992.50, plus interest and costs and for such other and further relief as this Court may deem just and proper.

Respectfully submitted,

CONLON, FRANTZ, PHELAN & VARMA, LLP

Michael J. Conlon #215426
David J. Frantz #202853
1818 N Street, N.W., Suite 400
Washington, DC  20036
Ph: (202)331-7050
Fax: (202) 331-9306
mconlon@conlonfrantz.com

EXHIBIT 1

July 3, 2007

*Aon Risk Services*

Mr. Robert T. Johnson
5918 Colfax Avenue
Alexandria, VA 22311

Dear Ted:

As agreed, your situation has been resolved by changing your termination date to June 7, 2007, and not requiring you to repay the salary ($115,416.70) that was mistakenly paid to you during the first five months of this year. By changing the termination date in our records, we also believe that the trouble you are experiencing with respect to COBRA placement will be resolved. In exchange for our agreement not to require you to reimburse us for the overpayment, we are asking that you execute the enclosed General Release.

Ted, if you have any questions on any of the above, please let me know.

Very truly yours,

Liz Zambito

HR Manager

Encl.