**FILED**

SEP - 7 2007

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

CONLON, FRANTZ, PHELAN, )
And VARMA, LLP )
1818 N St. N.W. Suite 400)
Washington, D.C. 20036 )
)
        Plaintiff )
   v. )
)
)
)
ROBERT T. JOHNSON )
5918 Colfax Avenue )
Alexandria, VA 22311 )
)
       Defendant )

Case: 1:07-cv-01595
Assigned To : Kennedy, Henry H.
Assign. Date : 9/7/2007
Description: Contract

## ANSWER

Pursuant to Federal Rule of Civil Procedure 12, Defendant Robert T. Johnson, who obtained an extension to respond to Plaintiffs' complaint until September 10, 2007 by letter agreement, hereby files (in conjunction with his Notice to Remove the Plaintiffs' complaint from District of Columbia Superior Court to this Court) his Answer responding to the allegations contained in Plaintiffs' complaint:

1.    Defendant Johnson is unable to admit or deny the allegations contained in paragraph one of Plaintiff's Complaint, and demands strict proof thereof.

1

2.    Defendant is unable to admit or deny these allegations in paragraph two of the Complaint, but Plaintiffs' Complaint speaks for itself as to their domicile.

3.    The allegations in paragraph three of the Complaint are admitted.  Defendant Johnson is a resident of the Commonwealth of Virginia, and is not a resident of the District of Columbia, which was his basis for removal of the Superior Court Complaint pursuant to 28 U.S.C. section 1441(b).

4.    Defendant is unable to admit or deny the allegations contained in paragraph four of the Complaint, and demands strict proof thereof.  Defendant does admit contacting Plaintiff Conlon in the spring of 2006.

5.    Defendant is unable to admit or deny Plaintiffs' vague allegations in paragraph five of the Complaint and demands strict proof thereof.

6.    Defendant is unable to admit or deny Plaintiff's vague allegations in paragraph six of the Complaint, and demands strict proof thereof.

7.    Defendant is unable to admit or deny the allegations of paragraph seven of the Complaint, except to note paragraph 7 of the Retention Letter speaks for itself.

8.    Plaintiff is unable to admit or deny the allegations
in paragraph eight of the Complaint, and demands strict
proof thereof.

9.    Defendant strongly denies Plaintiffs' spent
"considerable time" working on representation of Defendant.
Plaintiffs' own montly invoices sent to Defendant during
June 2006 through the spring of 2007, as noted in paragraph
17 of their Complaint, show that Plaintiffs' only spent a
total of 38.75 hours working on Defendant's representation
(dividing the $145 per hour rate into the paid amount of
$5,618.75 in invoice amounts which Plaintiffs admit
Defendant paid for their representation of him) during a
one year period, hardly "considerable time".

10.    Defendant strongly denies the allegations contained in
paragraph ten of the Complaint.

11.    Defendant strongly denies Aon intentionally "continued
Defendant's employment" past the stated December 31, 2006
deadline as a result of Conlon's letters, as alleged in
paragraph eleven of the Complaint.  On December 26, 2006,
Aon Associate General Counsel Ellen Perle wrote Plaintiffs
and stated Aon would not "reconsider its decision" to
terminate Defendant on December 31, 2006.  Aon mistakenly
kept paying Defendant after that date, and simply changed
his termination date to June 7, 2007, rather than force

3

Defendant to reimburse Aon for such payments, as noted in Aon Human Relations executive Liz Zambito's July 3, 2007 letter (Exhibit 1).

12.  Defendant denies the allegations contained in paragraph twelve of Plaintiffs' Complaint and demands strict proof thereof.  Defendant was not paid a management incentive bonus for 2006.  Instead, Aon paid Defendant $28,000 as an individual Performance Award for past services, not the 2006 managerial bonus which Plaintiffs claim in their Complaint.

13.  Defendant is unable to admit or deny the allegations contained in paragraph thirteen of Plaintiffs' Complaint, and demands strict proof thereof.

14.  Defendant denies the allegations contained in paragraph 14 of Plaintiffs' Complaint, and demands strict proof thereof.

15.  Defendant denies the allegations contained in paragraph fifteen of Plaintiffs' Complaint, and demands strict proof thereof.

16.  Defendant denies the allegations contained in paragraph sixteen of Plaintiffs' Complaint, and demands strict proof thereof.

17.  Defendant is unable to admit or deny the allegations contained in paragraph seventeen of Plaintiffs' Complaint,

and demands strict proof thereof. Defendant admits the invoice amounts of $5,618.75 Plaintiff submitted to him for the one year of work are accurate. Defendant is baffled about Plaintiffs' subsequent assertions they expended one hundred and fifty billable hours in representing him.

18.  Defendant denies the allegations contained in paragraph eighteen of Plaintiffs' Complaint and demands strict proof thereof.

19.  Defendant is unable to admit or deny the allegations contained in paragraph nineteen of Plaintiff's Complaint, and demands strict proof thereof.

20.  Defendant denies the allegations contained in paragraph twenty of Plaintiffs' Complaint, and demands strict proof thereof.

21.  Defendant is unable to admit or deny the allegations contained in paragraph twenty-one of Plaintiff's Complaint, and demands strict proof thereof.

22.  Defendant denies the allegations contained in paragraph twenty-two of Plaintiff's Complaint, and demands strict proof thereof.

23.  Defendant is unable to admit or deny the allegations contained in paragraph twenty-three of Plaintiffs' Complaint, and demands strict proof thereof.

24.   Defendant is unable to admit or deny the allegations contained in paragraph twenty-four of Plaintiffs' Complaint, and demands strict proof thereof.

25. The allegations contained in paragraph 25 of Plaintiffs' Complaint are admitted.

26.   Defendant is unable to admit or deny the allegations contained in paragraph twenty-six of Plaintiffs' Complaint, and demands strict proof thereof.  Paragraph 17 of Plaintiffs' Complaint notes they spent 38.75 billed hours on representation of Defendant for almost one whole year.

27.   Defendant is unable to admit or deny the allegations contained in paragraph twenty-seven of Plaintiffs' Complaint, and demands strict proof thereof.  Paragraph 17 of Plaintiffs' Complaint notes they spent 38.75 billed hours on representation of Defendant for almost one whole year, and the total for those hours at a rate of $145 per hour is what Defendant paid as compensation to Plaintiffs.

28.   Defendant is unable to admit or deny the allegations contained in paragraph twenty-eight of Plaintiffs' Complaint, and demands strict proof thereof.

29.   Defendant denies the allegations contained in paragraph twenty-nine of Plaintiffs' Complaint, and demands strict proof thereof.

## AFFIRMATIVE DEFENSES

Defendant hereby pleads his affirmative defenses, as
required by Fed. R. Civ. P. 12(b), and avers the following:

## FIRST AFFIRMATIVE DEFENSE

1.    Defendant states Plaintiffs have failed to plead a
cause of action upon which relief can be granted, pursuant
to Fed. R. Civ. P. 12(b)(6).

## SECOND AFFIRMATIVE DEFENSE

2.    Defendant informs Plaintiffs that their claims to
money which Aon mistakenly paid to Defendant after December
31, 2006, is unenforceable by reason of mutual mistake, as
noted in Exhibit 1.

## THIRD AFFIRMATIVE DEFENSE

3.    Plaintiffs cannot enforce the Retention Agreement
contract against Defendant, due to their "unclean hands" in
now claiming billed hours never submitted to Plaintiff
during June 2006 through spring 2007.  Plaintiffs admitted
in paragraph seventeen of their Complaint they submitted
invoices totaling 38.75 hours at an hourly rate of $145 per
hour during June 2006 through spring 2007.  Now, Plaintiffs
claim they actually expended more than one hundred and
fifty billing hours working on Defendant's representation.
This after the fact billing is an admission by Plaintiffs
they violated paragraph 5 of their own Retention Agreement.

7

## FOURTH AFFIRMATIVE DEFENSE

4.   Defendant asserts that because Plaintiffs breached the
Retention Agreement's paragraph 5, by not submitting
complete invoices for legal services allegedly provided to
Defendant but not included in previous invoices Defendant
paid, Plaintiffs have breached their own Retention
Agreement.   Defendant is now excused from performing any
alleged obligations pursuant to the Retention Agreement,
due to Plaintiffs' anticipatory repudiation of that
Agreement.

## FIFTH AFFIRMATIVE DEFENSE

5.   Defendant is informed and believes on such information
and belief that Plaintiffs engaged in conduct noted above,
in accepting payment from Defendant for the services they
claimed on their original invoices, that they have waived
their right to enforce the claims asserted in their
Complaint.   Plaintiffs waived their contract enforcement
right by breaching Paragraph 5 of their Retention
Agreement, which states "invoices for services and expenses
shall be rendered monthly and shall be due upon receipt".

If Plaintiffs submitted past invoices for services as
they alleged, and accepted Defendant's good faith payment
for those stated services, how can Plaintiffs now allege
they are due payment for additional services not included

**8**

on the original invoices?  Plaintiffs have waived their right to enforce any claims for payment for alleged additional services, and have fully released Defendant from any additional legal obligations for payment of his obligation to Plaintiffs for representing him.

### SIXTH AFFIRMATIVE DEFENSE

6.   Defendant asserts he has suffered damage by reason of Plaintiffs' conduct in submitting invoices which Defendant had reason to rely upon as accurate reflections of the time which Plaintiffs' expended when representing Defendant.  By Plaintiffs now claiming their own invoices did not accurately reflect the total time they expended on their representation of Defendant, Defendant has suffered damage by reason of Plaintiffs' conduct, having to expend time and money on a new attorney.  Defendant asserts he has right of offset against Plaintiffs for the above stated reasons.

### SEVENTH AFFIRMATIVE DEFENSE

7.   Defendant asserts in the alternative, that he has partially performed his obligations under paragraph 5 of the Retention Agreement, and Plaintiffs' failure to perform their obligations under paragraph 5 by submitting accurate invoices to him releases him from his obligations pursuant to the Retention Agreement, and thus, Plaintiffs' cannot enforce such claims against him here.

9

## EIGHTH AFFIRMATIVE DEFENSE

8.   By failing to honor the Retention Agreement they drafted, in not submitting invoices describing actual services performed to Defendant in a timely manner pursuant to paragraph 5 of the Retention Agreement, Plaintiffs failed to fulfill that condition precedent of the Retention Agreement, and also failed to mitigate damages. Ergo, their failure to fulfill the condition precedent of supplying accurate invoices to Defendant excused his further obligation to comply with the Retention Agreement.

WHEREFORE, Defendant Robert T. Johnson files his Answer including Affirmative Defenses, and requests the Court to rule in his favor, and grant him relief from Plaintiffs' Complaint, including costs and reasonable attorney's fees pursuant to Fed. R. Civ. P. 54.

Respectfully submitted,

Daniel M. Gray, Esq.
Member, Bar U.S. District
Court for District of Columbia
7617 Virginia Avenue
Falls Church, VA 22043
Tel. (703) 204-0164
Fax  (703) 204-1449

10

Counsel for Defendant

## CERTIFICATE OF SERVICE

Daniel M. Gray hereby certifies that a true and correct copy of the above Notice of Removal pleading was served by First Class Mail on September /0 2007, to the parties named below:

Mr. Edward Jenkins
Civil Action Branch
Moultrie Courthouse
500 Indiana Avenue, N.W.
Washington, D.C. 20001


Michael Conlon, Esq.
Conlon, Frantz, Phelan and Varma, LLP
1818 N Street, N.W. Suite 400
Washington, D.C. 20036


By: _____

11