UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CONLON, FRANTZ, PHELAN & VARMA, LLP | |
| Plaintiff, | Civil Action No. 07-1595 |
| v. | Judge Kennedy (HHK) |
| ROBERT T. JOHNSON | |
| Defendant. | |

**CONSENT MOTION TO REMAND TO SUPERIOR COURT
OF THE DISTRICT OF COLUMBIA**

The Plaintiff, Conlon, Frantz, Phelan & Varma, LLP, acting through its general partner, Michael J. Conlon, hereby moves this Court to remand this action to the Superior Court of the District of Columbia because the action does not involves a federal question and the parties lack complete diversity of citizenship. Therefore it is not a matter over which the United States District Courts have "original jurisdiction" and cannot be removed to this Court under 28 USC Section 1441.

1.  Section 1441 generally allows removal of cases from state courts to the district court of the United States where such action is pending. Section 1441(a) allows removal of any civil action brought in a State court of which the district courts of the United States have original jurisdiction. Section 1441(b) allows removal of any civil action to the district court without regard to the citizenship or residence of the parties but only if the court would have "original jurisdiction" founded on a claim or right arising under the Constitution, treaties or laws of the United States", ie, if a Federal question is involved. 28 USC 1441(b).

2. Defendant appears to base his removal of this action from the Superior Court upon 28 USC 1441(b). However, the Complaint in this matter does not assert a Federal question. The Complaint contains two counts, one a claim for attorney's fees under the Retainer Agreement between Plaintiff and Defendant and the second a claim for damages due to Defendant's breach of that Retainer Agreement. Neither of these claims involves a federal question. Therefore, Defendant has no right to remove the case to the Court under 28 USC 1441(b).

3. Defendant also cites 28 USC Section 1332, the section which gives district courts original jurisdiction of civil suits where the matter exceeds $75,000.00 in value and involves citizens of different states as a basis for his removal. However, Defendant also is not entitled to remove the case to this Court under Section 1441(a) because there is no diversity of citizenship between the parties.

For a suit to be originally brought in a district court there must be complete diversity between all of the plaintiffs and all of the defendants, i.e., no plaintiff and defendant may be citizens of the same state. Caterpillar, Inc. v Lewis, 519 U.S. 61, 117 S. Ct 467, 136 L. ED. 2d 437.

However, for purposes of diversity, a partnership has the citizenship of each of its general partners. Safeco Ins. Co. of America v. City of White House, Tenn., 36 F.3d 540 (6th Cir., 1994); Village Fair Shopping Center Co. v Sam Broadhead Trust, 588 F.2d 431 (5th Cir., 1978); Woodward v. D. H. Overmyer co., 428 F. 2d 880 (2nd Cir. 1970); Universal Steel & Metal Co. (1975) Ltd. v. Railco, Inc., 465 F. Supp. 7 (D. Vt. 1978); Kubale v. DeSoto, 777 F. Supp 1452 (Ed. Wis. 1991).

4.  Plaintiff is a general partnership established under District of Columbia law (Affidavit of David J. Frantz, paragraph 1.) It has filed to be a limited liability partnership under Section 33-110.01 of the District of Columbia Code. This section is part of the District of Columbia Uniform Partnership Act. Election to be a limited liability partnership does not change the plaintiff's status as a general partnership.

The partnership has three general partners, Michael J. Conlon, David J. Frantz and Brian P. Phelan (Until September 1, 2007 it had a fourth general partner Anurag Varma but he left the firm as of that date.). David J. Frantz is a resident and citizen of the Commonwealth of Virginia and was so at the time this action was filed.(Affidavit of David J. Frantz, paragraphs 2 and 3).

5.  In his Answer to the Complaint, Defendant has admitted that he is a resident of the Commonwealth of Virginia. (Answer, Paragraph 3).

6.  Therefore, because both defendant and David J. Frantz are residents and citizens of the Commonwealth of Virginia no diversity exists, this Court lacks jurisdiction, and this matter is not removable to it under 28 USC Section 1441(a). Therefore, removal of this action to this Court by Defendant was improper and the action should be remanded to the Superior Court of the District of Columbia.

7.  Pursuant to Local Civil Rule 7(m), the undersigned contacted counsel for the Defendant to discuss this motion and to determine whether counsel would consent thereto. Defendant's counsel agreed to consent thereto based solely on the representation that David Frantz's residency and citizenship were in the Commonwealth of Virginia, which they are, and if I advised the Court that counsel had the case removed based on the allegations of the Complaint that the law firm was a District of Columbia limited liability partnership with its principal place of business in the District of Columbia.

Respectfully submitted,

CONLON, FRANTZ,
PHELAN & VARMA, LLP, pro se

_____
Michael J. Conlon (its general partner)
1818 N Street, N.W., Suite 400
Washington, DC 20036
Ph: (202)331-7050
Fax: (202) 331-9306
mconlon@conlonfrantz.com

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on September 20, 2007, a true and correct copy of the above Motion for Remand to the Superior Court of the District of Columbia was mailed, postage prepaid, by first class mail to Daniel M. Gray, Esq. Attorney for Defendant, at 7617 Virginia Avenue, Falls Church, Virginia 22043.

_____
Michael J. Conlon

UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CONLON, FRANTZ, PHELAN & VARMA, LLP  :  <br> : <br> Plaintiff,  : <br> : <br> v.  : <br> : <br> ROBERT T. JOHNSON  : <br> : <br> Defendant.  : | Civil Action No. 07-1595 <br><br> Judge Kennedy (HHK) |

## AFFIDAVIT

The undersigned, David J. Frantz, having been first duly sworn on oath does depose and state as follows:

1.  The plaintiff in this action Conlon, Frantz, Phelan & Varma, LLP is a general partnership established under the laws of the District of Columbia as a limited liability partnership.

2.  The partnership currently has three general partners Michael J. Conlon, Brian P. Phelan and myself.

3.  I currently reside at 6027 Grove Drive, Alexandria, Virginia 22307 and resided there on August 12, 2007, the date this action was filed.

_____
David J. Frantz

Subscribed and sworn to before me this 19th day of September 2007.

_____
Notary Public

ELAINE S. RANDALL
Notary Public, District of Columbia
My Commission Exp: April 30, 2009

UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CONLON, FRANTZ, PHELAN & VARMA, LLP | |
| Plaintiff, | Civil Action No. 07-1595 |
| v. | Judge Kennedy (HHK) |
| ROBERT T. JOHNSON | |
| Defendant. | |

## ORDER

This matter having come before the Court upon Plaintiff's Motion To Remand to the Superior Court of the District of Columbia, and the Defendant having consented thereto, and there appearing to be good cause for granting the same, it is by the Court on this _____ day of _____, 2007.

ORDERED, that the foregoing Motion be, and the same is hereby granted, and that this action be remanded to the Superior Court of the District of Columbia.

_____
Henry H. Kennedy, Jr.
United States District Judge